IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR.,<br><br>Petitioner,<br><br>v.<br><br>PAUL COPENHAVER,<br><br>Respondent. | Case No. 1:14-cv-01486 MJS (HC)<br><br>**ORDER GRANTING MOTION TO AMEND PETITION; ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Docs. 6-8) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have consented to Magistrate Judge jurisdiction. (See ECF Nos. 3, 5.)

Petitioner filed the instant habeas petition in this Court on September 24, 2014 and an amended petition on October 28, 2014.  (ECF No. 1, 6.) He is currently incarcerated at United States Prison Atwater. In October 2002, Petitioner was convicted in the District of Montana of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153(a) and 2241(a). United States v. Fourstar, 87 Fed. Appx. 62, 63 (9th Cir. 2004). Petitioner argues that his incarceration was improper as it was based in part on a prior state crime conviction that was wrongfully obtained. (See generally Am. Pet.)

///

## I. MOTION TO AMEND

Petitioner filed the instant action on September 24, 2014. (Pet., ECF No. 1.) On October 3, 2014, Petitioner filed a separate petition challenging the same conviction. (ECF No. 6.) The petition was construed as a motion to amend the present petition in this matter, and thereby transferred. (See E.D. Cal. Case No. 1:14-cv-01456-BAM, ECF No. 12.) Petitioner also filed two motions to amend on November 17 and 20, respectively. (ECF Nos. 7-8.) Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course up to 21 days after service of a responsive pleading is filed. Here Respondent has not been directed to, and has not filed a response. Accordingly, Petitioner's motion to file an amended petition is granted. Regardless, even if it was not Petitioner's intent to amend the petition, the original petition would be dismissed for the reasons stated below.

## II. SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976

1 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S.
2 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably
3 incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

4 Further, the Court may dismiss a petition for writ of habeas corpus either on its
5 own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or
6 after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule
7 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

### III. JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of

§ 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner fails to meet either of these requirements. In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner did not lack an unobstructed opportunity to present his claims in his § 2255 motion. Here, Petitioner has sought review of his federal petition many times. After his 2010 conviction, Petitioner appealed the decision to the Ninth Circuit, which denied his claims on appeal on January 30, 2004. United States v. Fourstar, 87 Fed. Appx. 62 (9th Cir. 2004). Petitioner then sought relief in the district of conviction by way of motions pursuant to 28 U.S.C. § 2255. For instance, on June 12, 2013, the District of Montana denied a successive motion under § 2255, and noted that it was at least Fourstar's third such motion. United States v. Fourstar, 2013 U.S. Dist. LEXIS 82874, 1-2 (D. Mont. June 12, 2013).

Petitioner has also filed several petitions for writ of habeas corpus under § 2241. On November 25, 2013, the Northern District of Illinois dismissed a § 2241 petition and noted that the United States District Court for the Northern District of Georgia had previously rejected a similar petition from Petitioner. See Fourstar v. Walton, 2013 U.S.

4

Dist. LEXIS 166775 (S.D. Ill. Nov. 25, 2013).

The Ninth Circuit has "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed § 2255 motions and they have been denied. Under the AEDPA, a prisoner may not bring a second or successive Section 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner fails to meet either of these requirements. Fourstar v. United States, No. 11-72234, 2011 U.S. App. LEXIS 26583 (9th Cir. Sept. 14, 2011) (denying application for authorization to file successive § 2255 motion).

Nevertheless, Petitioner's inability to meet the statutory requirements for filing a successive Section 2255 motion does not automatically render the remedy under Section 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a Section 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to Section 2241 rather than Section 2255, and that the AEDPA required dismissal of petitioner's successive Section 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claim via a habeas petition pursuant to Section 2241 because a panel of the court of appeals would refuse to certify a second or successive motion under Section 2255, Petitioner's argument fails. Section

2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of [Section] 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of [Section] 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as previously stated, the remedy under Section 2255 usually will not be deemed inadequate or ineffective merely because a previous Section 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive Section 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that Section 2255 remedy was ineffective because he was denied permission to file a successive Section 2255 motion, and stating that dismissal of a subsequent Section 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162-63.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

In this case, Petitioner claims that he is innocent and that there us recent Supreme Court authority in support of his claims, but does not provide information regarding which Supreme Court decisions he is relying upon. (See Am. Pet.) Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## IV. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

## V. ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's Motions to Amend be GRANTED;

2) The petition for writ of habeas corpus be DISMISSED;

3) The Clerk of Court is DIRECTED to enter judgment and close the case; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: December 3, 2014 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE